UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADAN GODINEZ and<br>FERNANDO GODINEZ, | No. 16 CR 554 - All<br><br>Hon. Jorge L. Alonso |

**SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Consistent with the terms of Federal Rule of Criminal Procedure 16, the government previously provided certain discovery to defendants. Certain materials still to be disclosed by the government contain particularly sensitive information, the unrestricted dissemination of which could adversely affect the safety interest of third parties. This information includes materials involving or identifying any non-law enforcement individuals who may have provided information to or cooperated with the government during the course of its investigation (the "Attorneys'-Eyes-Only Materials"). The Attorneys'-Eyes-Only Materials shall be plainly marked by the government prior to disclosure. For written materials, the pages that are Attorneys'-Eyes-Only will be individually marked. For other items, such as audio or video recordings, the media containing those recordings will be marked in the same manner.

2. Neither the Attorneys'-Eyes-Only Materials nor the information contained therein may be disclosed to any persons other than counsel for defendants

(defined as counsel of record in this case) or investigators employed by defendants' counsel to assist the defense ("authorized persons"), without prior notice to the government and authorization from the Court. Absent prior permission from the Court, the Attorneys'-Eyes-Only Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

3. Defendants' counsel and authorized persons shall not copy or reproduce the Attorneys'-Eyes-Only Materials except for use in connection with this case by defendants' counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendants' counsel and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Attorneys'-Eyes-Only Materials, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing the Attorneys'-Eyes-Only Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each investigator employed by defendant's counsel to assist the defense for a period of twelve months after the conclusion of all stages of this case.

6. Upon conclusion of all stages of this case, all of the Attorneys'-Eyes-Only Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Attorneys'-Eyes-Only Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsels' case files. The Court may require a certification as to the disposition of any such Attorneys'-Eyes-Only Materials. In the event that the Attorneys'-Eyes-Only Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Attorneys'-Eyes-Only Materials are so maintained, and the Attorneys'-Eyes-Only Materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any Attorneys'-Eyes-Only Materials are produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses

specially identified sensitive information as described above shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTERED:

3/30/17

---
Jorge L. Alonso
United States District Judge